a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALVIN STANLEY BRIGGS, JR., Petitioner | CIVIL ACTION NO. 1:18-CV-1264-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Alvin Stanley Briggs, Jr. ("Briggs") (#12594-029). Briggs is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Briggs challenges the legality of his conviction and sentence imposed in the United States District Court for the Northern District of Iowa.

Because Briggs cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I.  Background

Briggs was charged in a five-count indictment with one count of distribution of heroin resulting in death in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c) and four counts of distribution of heroin within 1,000 feet of an elementary school and a playground in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c) and 860. Briggs moved for a ruling on the standard of proof required for Count 1 (distribution of heroin resulting in death). United States v. Briggs, 559 F. App'x 604 (8th Cir. 2014). Relying on Eighth Circuit

precedent, the district court ruled that "under 21 U.S.C. § 841(b)(1), there is no proximate cause or forseeability requirement—that is, the government need only prove that the heroin was a contributing cause" of death. Id. Briggs conditionally pleaded guilty to Count 1, reserving the right to appeal the standard-of-proof ruling. Id. Briggs was sentenced to 360 months of imprisonment. Id.

After Briggs was convicted, the United States Supreme Court decided Burrage v. United States, 134 S. Ct. 881 (2014), which held "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." Burrage, 134 S. Ct. at 892. Therefore, the appellate court reversed Briggs's conviction and sentence, and remanded. United States v. Briggs, 559 F. App'x 604 (8th Cir. 2014).

On remand, Briggs again pleaded guilty to count 1 of the indictment— distribution of heroin resulting in death, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(c). There was no plea agreement. (2:13-cr-1004, N.D. Iowa, Doc. 78). The court enhanced Briggs's sentence pursuant to 21 U.S.C. § 841(b)(1)(C) and sentenced him to 360 months of imprisonment. (2:13-cr-1004, N.D. Iowa, Doc. 78). Briggs did not appeal the conviction or sentence.

Briggs filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming that trial counsel was ineffective in failing to investigate whether the heroin was the "but for" cause of the victim's death, and for failing to object to the statutory "death results"

enhancement following remand. (2:15-cv-01020, N.D. Iowa, Doc. 8). Trial counsel submitted an affidavit in response to the ineffective assistance claim providing that, following remand, an expert was hired to analyze whether the victim would not have died "but for" using the heroin. (2:15-cv-01020, N.D. Iowa, Doc. 11). The expert determined that, but for the heroin, the victim would still be alive. (2:15-cv-01020, N.D. Iowa, Doc. 11). The court determined there was no ineffective assistance and denied the § 2255 motion. (2:15-cv-01020, N.D. Iowa, Doc. 20). The appellate court denied Briggs's application for certificate of appealability. (2:15-cv-01020, N.D. Iowa, Doc. 27).

In his § 2241 petition, Briggs seeks to proceed under the savings clause based on Burrage.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed or the prison authorities' determination of its duration. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001); Pack, 218 F.3d at 451. The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113.

Briggs seeks to proceed with his challenge under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent"

of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Briggs cannot show that his claim would have been foreclosed had he raised it at trial, on direct appeal, or in his original § 2255 petition, because Burrage was decided prior to Briggs's conviction and sentence. Burrage was decided on January 27, 2014, and Briggs was re-sentenced, following remand, on December 23, 2014. In fact, Briggs did raise his Burrage claim in his original § 2255 petition, which was denied.

Moreover, Briggs cannot meet the savings clause because the Fifth Circuit has held that "Burrage was decided on direct appeal, and nothing suggests that the Supreme Court has made Burrage retroactive to cases on collateral review. See § 2255(h)(2)." In re Salas, 888 F.3d 150, 150 (5th Cir. 2018).

Burrage does not establish that Briggs is innocent of the charges against him, nor does Burrage apply retroactively on collateral review. Additionally, Briggs cannot show that his claim was foreclosed at the time of filing his first § 2255 petition. Therefore, Briggs cannot meet the requirements of the savings clause.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Briggs's petition be DENIED and DISMISSED with prejudice to the jurisdictional issue, and without prejudice as to the merits of Briggs's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __26th__ day of November, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge